IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAMON MICHAEL JOHNSEY,

Petitioner,

v.

No. 25-cv-593-KG-JFR
No. 23-cr-1101-KG-JFR

UNITED STATES OF AMERICA,

Respondent.

ORDER OF DISMISSAL

THIS MATTER is before the Court following *pro se* Petitioner Damon Michael Johnsey's failure to prosecute this 28 U.S.C. § 2255 proceeding. Petitioner initiated this case while incarcerated at the El Reno Federal Correctional Institution in Oklahoma by mailing a letter to the Clerk of Court requesting a status report. (Doc. 1) (Letter Pleading). On June 24, 2025, the Clerk's Office mailed Petitioner a blank Section 2255 form. Petitioner did not return the form, and the mail was returned as undeliverable. (Docs. 2 and 3). By an Order entered July 24, 2026, the Court noted the returned mail and that Petitioner has not provided a current address as required by D.N.M. LR-Civ. 83.6. *See* (Doc. 4). The Court directed Petitioner to update his address in writing within thirty days. The Order warns that the failure to timely comply may result in dismissal of this action without further notice. *See id*.

The deadline to provide a new address was August 24, 2026. Petitioner did not comply, show cause for such failure, or otherwise respond to the Order, which was also returned as undeliverable. *See* (Doc. 5). Accordingly, the Court will dismiss the Letter Pleading (Doc. 1) pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the rules of civil

procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see also Theede v. U.S. Dep't of Lab.*, 172 F.3d 1262, 1265 (10th Cir. 1999) (dismissing appeal and noting *pro se* parties "bear the burden of filing notice of a change of address"); *Faircloth v. Hickenlooper*, 758 Fed. App'x 659, 662 (10th Cir. 2018) (affirming Rule 41 dismissal and noting the inmate-plaintiff is "solely responsible for his failure to update his address"). To the extent necessary, the Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the failure to prosecute is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to obtain COA, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment . . . debatable or wrong"); *DeAtley v. Williams*, 782 F. App'x 736, 737 (10th Cir. 2019) (declining to issue a COA after district court dismissed habeas petition under Rule 41(b)).

IT IS THEREFORE ORDERED that:

1. Petitioner's Letter Pleading (Doc. 1) is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b);
2. A certificate of appealability is DENIED; and
3. The Court will enter a separate judgment closing this civil case.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.